## KING *v.* McGOVERN.

Where in an action for wages due for services rendered to defendant by plaintiff as a milkman, credit is given to defendant for a certain amount, he cannot refuse to answer the petition until plaintiff files a detailed account of the payments, composing the amount for which credit was given. *Per Curiam;* From the character of the parties it is not to be presumed that they kept books of account; and if defendant considered the knowledge of the dates, or manner of the payments, material, he might have sought a discovery by propounding interrogatories to the plaintiff.

APPEAL from the City Court of Lafayette, *Elliot,* J. *Sever,* for the plaintiff. *Carter,* for the appellant.

The judgment of the court was pronounced by

Slidell, J. The defendant was a dairyman. The plaintiff was employed by him as a milkman to serve his customers. This suit is brought for a balance due to *King* for wages. He alleges that his services were rendered as follows: from the 6th November, 1838, to 12th August, 1839, at the rate of $25 per month; and from the 3d December, 1839, to 2d April, 1842, at the rate of $30 per month ; making a total of $859 25. He alleges that, the balance due to him is $415, thus giving the defendant a credit for an amount of $444 25. There is no demand of interest.

The defendant filed an exception, in which he pleads that he cannot answer the petition, because no detailed account is furnished by the plaintiff showing when and how he received the sum of $444 25, of which he acknowledges the payment. The defendant prayed to be dispensed from answering, until the plaintiff should file a detailed account of his alleged demand, and of said credits. The exception was rejected by the court below, and in this we find no error. The services rendered, their dates, and the rates of wages, are stated with sufficient accuracy and fulness.

As to so much of the plea as calls for a statement of when and how the payments credited were made, we consider it untenable, under the circumstances of this particular case. From the nature of the vocation of these parties, it is not to be supposed that they kept books of account, or that they were in the habit of furnishing accounts current as is usual among mercantile men and some other classes. The defendant has not pretended, in his exception, that the plaintiff kept books, or any written record of their mutual transactions. The acknowledgment of a credit made by the plaintiff was honest, and rendered the defence less onerous. It operated to the defendant's advantage, and not

to his injury. If the defendant had not the means of proving the dates or manner of these payments, and considered the dates and manner material, he could have sworn to their matriality, and have sought a discovery, by propounding interrogatories to the plaintiff.

As to the value of the services, it was a question of fact, upon which the judgment of the court below does not seem to us erroneous. The defendant has not pointed out any error in this respect ; and the rendition of the services is expressly acknowledged by the answer. The plaintiff asks for damages ; but we do not grant them, because the question of pleading was not frivolous.

Judgment affirmed.